```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

DEUTSCHE BANK NATIONAL TRUST        :   HON. JEROME B. SIMANDLE
COMPANY, AS TRUSTEE FOR IXIS        :
REAL ESTATE CAPITAL TRUST 2005      :   Civil No. 13-2040 (JBS/JS)
- HE4 MORTGAGE PASS THROUGH         :
CERTIFICATES, SERIES 2005-HE4,      :
                                    :           **ORDER**
                    Plaintiff,      :
                                    :
         v.                         :
                                    :
LORRAINE LINDSEY and RAYMOND        :
LINSEY,                             :
                                    :
                    Defendants.     :

This matter is before the Court on Plaintiff's motion for entry of default judgment against Defendants Lorraine Lindsey and Raymond Lindsey [Docket Item 7]. However, the Court has reviewed the Complaint filed in the above captioned matter [Docket Item 1] and has found that it asserts that the Court has jurisdiction under 28 U.S.C. § 1332, but it fails to properly plead the statutory requirement of diversity of citizenship. See 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1).

In particular, the Plaintiff is suing in its capacity as trustee and the Complaint alleges that "Plaintiff Deutsche Bank is a national banking association with its main place of business located in the State of California." (Compl. ¶ 1.) It is unclear from this allegation whether Plaintiff is a corporation, an unincorporated association or a trust. If Plaintiff is a corporation, it is well established that a corporation is

considered a citizen of both the state of its incorporation and the state of its principal place of business.  The Complaint here fails to allege the Plaintiff's principal place of business or its state of incorporation.  See Hunt v. Acromed, 961 F.2d 1079, 180, 1082 n.7 (3d Cir. 1992)(explaining that a complaint must allege both a corporation's state of incorporation and its principal place of business to properly allege citizenship and establish diversity jurisdiction).  If Plaintiff is an unincorporated association,  a complaint must allege the citizenship of all the partners or members of the entity to determine whether diversity exists.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).  If Plaintiff is a trust, the Third Circuit considers the citizenship of both the trust and the beneficiaries in certain circumstances.  Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007).  Consequently, Plaintiff's vague allegation that is an "association" with its main place of business in California is insufficient to establish citizenship for diversity jurisdiction, especially considering Plaintiff is suing in its capacity as trustee.

Since the Plaintiff has failed to properly plead diversity of citizenship, the Court does not have the requisite jurisdiction to enter default judgment.  Therefore, Plaintiff's motion for default judgment will be denied.  The Plaintiff will

be given fourteen (14) days from the entry of this order to file an amended complaint which properly sets forth the basis for this Court's jurisdiction.

    Accordingly,

    IT IS this    **31st**    day of **May, 2013** hereby

    ORDERED that the Plaintiff's motion for default judgment [Docket Item 7] is **DENIED**, and it is

    ORDERED that the Plaintiff will be granted leave to file an amended complaint which sets forth an adequate basis for this Court's jurisdiction within fourteen (14) days of this order; and it is further

    ORDERED that if the Plaintiff fails to file an amended pleading within fourteen (days) the Clerk shall close this case upon the docket.

                               **s/ Jerome B. Simandle**
                                JEROME B. SIMANDLE
                                Chief U.S. District Judge