IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR IXIS REAL ESTATE CAPITAL TRUST 2005 - HE4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-HE4, <br><br> Plaintiff, <br><br> v. <br><br> LORRAINE LINDSEY and RAYMOND LINDSEY, <br><br> Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil No. 13-2040 (JBS/JS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, Chief District Judge:

This matter is before the Court upon the motion of Plaintiff Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2005 - HE4 Mortgage Pass Through Certificates, Series 2005-HE4 ("Plaintiff") for reconsideration of this Court's order denying default judgment. [Docket Item 9.] Specifically, Plaintiff argues that this Court did not consider Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006), in analyzing whether Plaintiff's complaint properly alleged diversity of citizenship.  The Court finds as follows:

1.  The Plaintiff is suing in its capacity as trustee and the Complaint alleges that "Plaintiff Deutsche Bank is a national banking association with its main place of business located in the State of California." (Compl. ¶ 1.)  The Defendants Lorraine and Raymond Lindsey failed to answer or otherwise respond to the

Complaint.  The Plaintiff promptly requested default which was entered by the Clerk.  [Docket Items 5 and 6.]  The Plaintiff then moved for default judgment.  [Docket Item 7.]

2. In denying Plaintiff's motion for default judgment, this Court held that the Plaintiff had not sufficiently pled its citizenship in order to establish the Court's diversity jurisdiction.  The Court specifically noted that it was unclear from Plaintiff's allegation that it was "a national banking association with its main place of business" in California whether Plaintiff was a corporation, an unincorporated association or a trust. [Docket Item 8.]  The Court then cited Hunt v. Acromed, 961 F.2d 1079, 180, 1082 n.7 (3d Cir. 1992), Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990), and Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007) to illustrate the various pleading requirements to establish citizenship for these distinct entities.  Since the Plaintiff's singular allegation did not meet any of these standards, the Court denied Plaintiff's motion for default judgment and granted Plaintiff leave to file an amended complaint.  [Docket Item 8.]

3.  Plaintiff now moves for reconsideration and argues that the Court did not consider the Supreme Court's decision in Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006) in analyzing whether the Plaintiff sufficiently pled diversity of

citizenship.

4.   Local Civil Rule 7.1(i) governs the Court's review of
Plaintiff's motion for reconsideration.  Rule 7.1(i) requires the
moving party to set forth the factual matters or controlling
legal authorities it believes the Court overlooked when rendering
its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion
for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2)
> the  availability of new evidence that was not
> available when  the court . . . [rendered the judgment
> in question]; or (3) the need to correct a clear error
> of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d
669, 677 (3d Cir. 1999); see also Tehan v. Disability Management
Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  Because
the Court did not consider the Supreme Court's decision in
Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006), the
Court will grant Plaintiff's motion for reconsideration.
However, even considering Schmidt, the Court still finds that the
Plaintiff has failed to properly plead its citizenship in order
to establish diversity jurisdiction.

5.   In Schmidt, the Supreme Court held that a national bank,
*i.e.*, a corporate entity chartered not by any State, but by the
Comptroller of the Currency of the U.S. Treasury, "is a citizen
of the State in which its main office, as set forth in its
articles of association, is located."  546 U.S. at 306.  While

3

Plaintiff alleges that it is a "national banking association," Plaintiff's Complaint fails to allege where its main office is located pursuant to its articles of association.  Plaintiff's allegation that its "main place of business" is "located in the State of California" is insufficient.  Plaintiff must allege where its main office is located pursuant to its articles of association in order to establish citizenship under Schmidt.

6.  Further, Plaintiff argues in its motion for reconsideration that as trustee, it possesses substantial control of the assets of the trust and therefore, the citizenship of the beneficiaries of the trust are irrelevant for diversity jurisdiction.  In support of this argument, Plaintiff attaches its Pooling and Servicing Agreement for the trust at issue and relies on Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 4462 (1980). The Plaintiff's Complaint, however, lacks any factual allegations to support Plaintiff's assertion that it possesses substantial control of the assets of the trust and therefore the citizenship of the beneficiaries is irrelevant to determining diversity jurisdiction.  The Plaintiff will be granted leave to amend its complaint to include these allegations.[1]

7.  Accordingly, the Defendant's motion for reconsideration

---

[1] The Plaintiff should also include more specific allegations as to the circumstances surrounding the withdrawal of the foreclosure complaint in Gloucester County and whether the state court approved the loan modification agreement at issue in this case.

will be granted.   However, the Court still concludes that the Plaintiff's Complaint fails to provide a proper factual basis to establish diversity jurisdiction.   Consequently, Plaintiff's motion for default judgment will be denied.   The Plaintiff will be given fourteen (14) days from the entry of this order to file an amended complaint which properly sets forth the basis for this Court's jurisdiction.   The accompanying Order will be entered.


**June 24, 2013**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge