```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR IXIS REAL ESTATE CAPITAL TRUST 2005 – HE4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-HE4,<br><br>              Plaintiff,<br><br>     v.<br><br>LORRAINE LINDSEY, et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>   No. 13-2040 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Before the Court is Defendants Lorraine and Raymond Lindsey's motion to vacate default judgment. [Docket Item 15.] Defendants request that the Court vacate its August 22, 2013 Order entering default judgment for Plaintiff Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2005 – HE4 Mortgage Pass Through Certificates, Series 2005-HE4 against Defendants. [Docket Item 14.] The Court will continue Defendants' motion until hearing oral argument. The Court finds as follows:

   1.  The present action involves a dispute over a settlement agreement and loan modification related to a mortgage on Defendants' home in Franklinville, New Jersey. On April 1, 2013, Plaintiff filed its Complaint in the District of New

Jersey seeking rescission of a Settlement Agreement and Release and Loan Modification Agreement executed on January 31, 2013. Plaintiff alleged that the servicer of Defendants' mortgage for Deutsche Bank, Ocwen Loan Servicing, LLC, mistakenly offered settlement terms to Defendants which were intended to be offered to a different individual related to a different loan held by Wells Fargo Bank, not Deutsche Bank. Because Ocwen services loans for both Deutsche Bank and Wells Fargo, Plaintiff was unaware of the mistake until "(i) the loan medication terms were offered to the Lindseys, and (ii) Ocwen Loan Servicing, LLC, as attorney in fact for Wells Fargo (not Deutsche Bank) and the Lindseys executed both a Settlement Agreement and Release and a Loan Modification Agreement." (Am. Compl. [Docket Item 12] ¶ 26.]) Moreover, Plaintiff alleged that the relevant settlement and modification documents were "not signed by the investor of the Lindseys' loan, but on behalf of the investor" of a different loan. (Id.)

2.   The settlement and modification followed litigation in New Jersey state court between the parties. On February 15, 2012, Plaintiff filed a foreclosure action against Defendants in Superior Court of New Jersey, Gloucester County, Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2005 – HE4 Mortgage Pass Through Certificates, Series 2005-HE4 v. Lindsey, F-003160-12. On September 18, 2012,

2

Defendants filed suit against Ocwen in the same court, Lindsey v. OCWEN, L-1404-12, seeking monetary damages, including punitive damages. On December 5, 2012, the Honorable Ann McDonnell entered a consent order dismissing Deutsche Bank v. Lindsey without prejudice. (Pl. Ex. D [Docket Item 15-4.]) On December 21, 2012, the parties executed a Settlement with Release intended to resolve both state court matters. (Pl. Ex. E [Docket Item 15-5.]) Soon thereafter on January 31, 2013, the parties executed a loan modification agreement, which was recorded with the Gloucester County Clerk's Office on March 14, 2013. (Pl. Ex. F [Docket Item 15-6.])

    3.    According to Plaintiff, Defendants were personally served with the Summons and Complaint in the instant action on April 3, 2013. [Docket Items 3 & 4.] Defendants' time to answer or otherwise respond expired on April 24, 2013. Upon Plaintiff's request, the Clerk of Court entered a default against Defendants on May 2, 2013. [Docket Items 5 & 6.] Plaintiff moved for default judgment, but the Court denied Plaintiff's motion because Plaintiff did not adequately allege diversity jurisdiction. [Docket Item 8.] On July 9, 2013, Plaintiff filed an amended complaint addressing the Court's concerns regarding diversity jurisdiction. [Docket Item 12.] On August 22, 2013, the Court granted Plaintiff's second motion for default judgment and entered judgment against Defendants. [Docket Item 14.]

3

4.   In support of their motion to vacate default judgment, Defendants argue that they were never served with the summons or complaint in the present action and only became aware of this suit after Plaintiff on April 10, 2014 filed a second foreclosure action against them in Superior Court of New Jersey, Gloucester County, docket number F-013741-14. Defendants contend that their delay in responding is excusable because they were never served, that they maintain a meritorious defense, and that Plaintiff will not be prejudiced if the Court vacates the August 22, 2013 default judgment.[1]

5.   Plaintiff opposes Defendants' motion [Docket Item 19] and argues that Defendants' failure to appear in this action was a conscious decision, calculated to permit them to stay in their home for months without making any mortgage payments. Plaintiff contends that it will be prejudiced if the Court vacates the default judgment because it detrimentally relied on the default in filing a second foreclosure action against Defendants. Moreover, Plaintiff asserts that Defendants' failure to appear in the instant action was culpable and their allegations regarding lack of service are unworthy of belief. Plaintiff

---

[1] Defendants also suggest that Plaintiff filed this suit for rescission in federal court to capitalize on what they characterize as the more lenient rules for entering default judgment under the Federal Rules of Civil Procedure as opposed to the New Jersey rules.

concedes however that Defendants have satisfied their burden of establishing a plausibly meritorious defense.

6.  Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Pursuant to Fed. R. Civ. P. 60(b)(4), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" if "the judgment is void." The Third Circuit leaves the decision to vacate the entry of default or a default judgment to the "sound discretion of the [trial] court." Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). However, "[the Third Circuit] has adopted a policy disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

7.  In exercising its discretion to vacate entry of a default or a default judgment, the Court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 194–195 (3d Cir. 1984). Because "[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside," in such instances, the district court need not resort to an analysis of the three factors listed

5

above. Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985); Mettle v. First Union Nat. Bank, 279 F. Supp. 2d 598, 603 n.3 (D.N.J. 2003) ("As this Court finds that entry of default against [defendant] is void based on the improper service of the summons and complaint, the Court need not consider the factors set forth in Gold Kist.").

8.    Fed. R. Civ. P. 60(c) provides that a motion to vacate default judgment "shall be made within a reasonable time." Despite this mandate, however, the Third Circuit has joined the "nearly overwhelming authority" supporting the proposition that "laches is no bar to recourse to Rule 60(b)(4)," and thus, "no passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion." United States v. One Toshiba Color Television, 213 F.3d 147, 157-58 (3d Cir. 2000) (en banc).

9.    The instant motion turns on whether Defendants were properly served. Defendants rely Mr. Lindsey's certification that he was never served. Mr. Lindsey states that on the date he was allegedly served at his home, he "was out of the house from the early morning of approximately 7:30 am to past 6:00 pm working together with [his] wife at [their] store." (Certification of Raymond Lindsey [Docket Item 16] ¶ 5.) Plaintiff counters by pointing to the "Return of Service" forms in which process server, Thomas J. Crean, Jr. attested to

6

service of Raymond Lindsey at 1727 Coles Mill Rd., Franklinville, NJ 08322 on April 3, 2013. [Docket Items 3 & 4.] Additionally, Plaintiff relies on the certification of the process server and his contemporaneous notes indicating that he personally served "a person who answered the door at 1727 Coles Mill Road, Franklinville, NJ 08322 at 8:05 p.m.," described as "a white male with dark hair, approximately 55 years old, five feet nine inches tall, weighing approximately 180 pounds," who he believed to be Mr. Lindsey. (Certification of Thomas Crean, Jr. [Docket Item 21] ¶¶ 5-6; see also Ex. A to Crean Cert [Docket Item 21-1.]) Defendants respond by calling the return of service forms a "fabrication" and submitting an unsworn statement from Mr. Lindsey that the process server's description does not "even come close to matching [his] description." (Ex. A to Pl. Reply [Docket Item 22.]) Mr. Lindsey states that he is 230 pounds with "dirty blonde light hair." (Id.) He does not supply his age or height.

    10.  Plaintiff attacks Mr. Lindsey's credibility in claiming he was not served. It is important to note that much of the briefing concerns Defendants' culpability and credibility based on their previous conduct in the related state court litigation. Defendants contend that they vigorously defended the initial foreclosure action despite proceeding pro se, including responding to summary judgment motions and filing their own

7

cross-motion. Defendants also state that they have diligently and promptly responded to all communications and filings by Plaintiff. Plaintiff disputes Defendants' recounting of their prior conduct. Plaintiff notes that on March 21, 2013, Plaintiff's counsel sent Defendants a letter informing them that "there has been a mistake regarding the loan modification and Settlement and Release Agreement" and demanding that Defendants agree to rescind the loan modification. (Messinger Decl., Ex. A [Docket Item 20-1.]) The letter advised Defendants that litigation would follow if they did not agree to rescind the loan modification. (Id.) Defendants received this letter, but failed to respond. (Messinger Decl., Ex. B [Docket Item 20-2.]) Moreover, Plaintiff notes that Defendants failed to respond to the second foreclosure action filed in New Jersey state court, despite being served on April 15, 2014, resulting in a default on May 23, 2014.

    11.  The parties also dispute whether Defendants have made payments under the loan modification. Defendants argue that they made "several payments in conformity with" the loan modification. (Def. Br. [Docket Item 15] at 7.) Defendants assert that Plaintiff accepted their payments even after default was entered. (Id. at 10.) Plaintiff asserts that Defendants "have not made any payments, even the modified amount contained in the rescinded Modification, for over a year." (Pl. Opp.

8

[Docket Item 19] at 5.) Plaintiff explains that although Defendants initially made several payments under the loan modification, these payments were returned to Defendants, and Plaintiff has not accepted any payments from Defendants since Plaintiff discovered the mistake in the loan modification. Plaintiff again implies Defendants are not truthful in claiming they made recent payments on the modified loan, and that this also bears upon Defendants' credibility in claiming non-service of the summons and complaint herein.

12. This motion, therefore, cannot be resolved upon the present record. A hearing will be required where testimony of the process server and the Defendant(s) and other evidence is received to enable the Court to determine whether proper service occurred as Plaintiff claims. Counsel are requested to identify their intended witnesses and pre-mark their intended exhibits and deliver same to the Court and to opposing counsel at least seven (7) days prior to the hearing. The hearing will commence before the undersigned on Tuesday, September 16, 2014 at 4 p.m. in Courtroom 4A.

13. The Court thus continues the present motion until oral argument at the September 16th hearing.

| | |
|---|---|
| **August 25, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |